Circuit Court
Greenbrier Co., W. VA.
Filed

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

2016 DEC -5  PM 12: 03

DAVID B. LOVE,

                    Plaintiff,

v.                                                    Civil Action No. 16-C-221
                                                     Honorable _____ (B)

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;          ┌─────────────┐
and CONTINENTAL FREIGHT SYSTEMS,                   │  EXHIBIT    │
LLC, an Indiana corporation,                       │     A       │
                                                   └─────────────┘
                    Defendants.

### COMPLAINT

Now comes plaintiff, by counsel, for his complaint and hereby alleges and avers upon

information, knowledge and/or belief the following:

1.      That plaintiff, David B. Love was, at all times relevant hereto, a citizen and

resident of West Virginia residing in or near Alderson, Greenbrier County, West Virginia.

2.      That defendant, Lee-Bell Transport, Inc., (hereinafter "Lee-Bell,") was, at the

times complained of herein, an Illinois corporation, with its principal place of business in

Chicago, Illinois

3.      That defendant Lee-Bell was, at all times relevant hereto, acting through and by

its agents, servants and employees who were acting within the scope of their agency or

employment.

4.      That defendant, Continental Freight Systems LLC was, at the times complained of

herein, an Indiana corporation, with its principal place of business in Highland, Illinois

5.      That defendant Continental Freight Systems LLC was, at all times relevant hereto,

acting through and by its agents, servants and employees who were acting within the scope of

their agency or employment.

6.     The defendant David A. Winters, (hereinafter "Winters,") was a citizen and resident of the State of Illinois residing in or near Chicago, Illinois.

7.     That defendant Winters was, at all times relevant hereto, an agent, servant and/or employee of defendants Lee-Bell and Continental Freight Systems LLC as an agent, servant and/or employee.

8.     All defendants were acting as joint venturers, one with the other, at all times in operating the aforesaid vehicle and the negligence and acts and conduct of each is the responsibility and joint venturers of each other.

<u>COUNT I</u>

<u>NEGLIGENCE</u>

9.     For Count I of his Complaint, plaintiff adopts and incorporates all allegations set forth in paragraphs 1-8, as if fully set forth verbatim herein.

10.    On or about October 25, 2016, and at all times complained of herein, defendant Winters was an employee, agent and representative of defendants Lee-Bell and Continental Freight Systems LLC, and as such employee, agent and representative, was conducting the business of Lee-Bell and Continental Freight Systems LLC.

11.    On or about October 25, 2016, the plaintiff, David B. Love, was a passenger in a vehicle, traveling east on I-64, Greenbrier County, West Virginia.

12.    At said time and place, defendant Winters was driving a 2006 Volvo Tractor Trailer, also traveling east on I-64, Greenbrier County, West Virginia, owned by defendants Lee-Bell and Continental Freight Systems LLC.

13.    At said time and place, defendant Winters, acting as agent, servant, employee and

joint venturer, operated his vehicle in a negligent manner and struck the Love vehicle in the rear, which sent the Love vehicle off of the interstate and into a rock side and turning it around.

14.     That at all times relevant hereto plaintiff conducted himself in a non-negligent manner and did no negligent act or omission to cause or contribute to this collision.

15.     That as a direct and proximate result of the negligent, careless, wrongful, and unlawful acts, omissions, and conduct of defendants and each of them, your plaintiff was injured and damaged as follows:

a.      Plaintiff David B. Love received both temporary and permanent injuries to his body;

b.      Plaintiff David B. Love suffered, and will or may suffer in the future, physical pain and suffering and mental anguish/emotional distress;

c.      Plaintiff David B. Love received medical and doctor care and treatment and incurred, and will or may incur in the future, medical and doctor bills and expenses;

d.      Plaintiff David B. Love has lost and will or may in the future lose enjoyment of life; and

e.      Plaintiff has been otherwise damaged all in an amount to be determined by a jury.

16.     That the defendants' acts and omissions in wrongfully and recklessly operating his vehicle in the manner and method complained is such that entitles plaintiff to punitive damages against defendants and each of them.

WHEREFORE, the plaintiff demands judgment of and from each defendant, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury; a trial by jury; the costs and disbursements of this action; pre-judgment and post- judgment interest; attorney fees and costs; and such other future and general relief as the court deems just and fair.

COUNT II

NEGLIGENT ENTRUSTMENT

17.     For Count II of his complaint, plaintiff adopts and incorporates all allegations set forth in paragraphs 1-16 as if fully set forth verbatim herein.

18.     That defendants Lee-Bell and Continental Freight Systems LLC negligently and carelessly entrusted the 2006 Volvo Tractor Trailer to defendant Winters.  As a direct and proximate result of such negligence, plaintiff suffered those same damages as alleged hereinabove which are incorporated by reference, as if fully set forth verbatim herein.

WHEREFORE, the plaintiff demands judgment of and from each defendant, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury; a trial by jury; the costs and disbursements of this action; pre-judgment and post- judgment interest; attorney fees and costs; and such other future and general relief as the court deems just and fair.

DAVID B. LOVE,

By Counsel

Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301-2177
(304) 342-3106
Counsel for Plaintiff
F:\1\1392\p001.docx

4

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

           Plaintiff,

v.                                       Civil Action No. 16-C-221
                                       Honorable Robert E. Richardson

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;
and CONTINENTAL FREIGHT SYSTEMS,
LLC, an Indiana corporation,

           Defendants.

## MOTION TO EXTEND TIME FOR SERVICE OF PROCESS
## UPON DEFENDANT CONTINENTAL FREIGHT SYSTEMS, LLC

Now comes the plaintiff, by counsel, and moves the Court for an Order extending the time for service upon defendant Continental Freight Systems, LLC in the above styled civil action. The grounds for plaintiff's motion is as follows:

1.     On December 5, 2016, plaintiff's Complaint was filed with the Circuit Court of Greenbrier County, West Virginia, for injuries sustained in an automobile collision which occurred on October 25, 2016. (*see* **Exhibit 1A.**)

2.     On December 5, 2016, a Summons was issued for Defendant Continental Freight Systems, LLC the tortfeasor trucking company in the above subject civil action, which Summons was issued with a service address obtained from the Indiana Secretary of State. (**Exhibits 1B and 1C.**)

3.     On December 12, 2016, the Summons, Complaint and discovery issued

upon Defendant Continental Freight Systems, LLC, were forwarded to the Secretary of State for service pursuant to W. Va. Code, §31D-15-1510; service on unauthorized foreign corporation. (**Exhibit 1D.**)

4.      On December 14, 2016, the Summons, Complaint and discovery issued upon Defendant Continental Freight Systems, LLC, were accepted by the Secretary of State for service pursuant to W. Va. Code, §31D-15-1510, and forwarded by Certified Mail/Return Receipt Requested via the United States Postal Service, certification number 92148901125134100001530950. (**Exhibit 1E.**)

5.      On December 16, 2016, the certified mail package was received by the United States Postal Service, was processed and a notice was left for Defendant Continental Freight Systems, LLC, on December 19, 2016. (**Exhibits 1E and 1F.**)

6.      On January 6, 2016, the certified mail package was marked as unclaimed by the United States Postal Service. (**Exhibits 1E and 1F.**)

7.      On January 10, 2017, the United States Postal Service returned the original Summons, Complaint and discovery issued upon Defendant Continental Freight Systems, LLC to the West Virginia Secretary of State. (**Exhibits 1E and 1F.**)

8.      On January 20, 2017, the original Summons, Complaint and discovery issued upon Defendant Continental Freight Systems, LLC was received and filed by the Greenbrier County Circuit Clerk. (**Exhibit 1G.**)

9.      Pursuant to W. Va. Code § 56-3-31(a)(b), Plaintiff forwarded to the Clerk of this Court, a Reissued Summons upon Defendant Continental Freight Systems, LLC.

10.    Pursuant to W. Va. Code § 56-3-31(f), Plaintiff filed with the Court an Affidavit alleging that process for Defendant Continental Freight Systems, LLC directed to the Secretary of State was sent by certified mail and that the certified mail was returned to the Secretary of State unclaimed.  (**Exhibit 1.**)

WHEREFORE, plaintiff respectfully requests a 90 day extension, pursuant to Rule 4 of The West Virginia Rules of Civil Procedure, of the current service deadline in order to obtain service upon Defendant Continental Freight Systems, LLC, for good cause shown herein.

DAVID B. LOVE,

By Counsel

Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106
Counsel for Plaintiff
F:\1\1392\mo003.docx

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

        Plaintiff,

v,

                                      Civil Action No. 16-C-221
                                      Honorable Robert E. Richardson

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;
and CONTINENTAL FREIGHT SYSTEMS,
LLC, an Indiana corporation,

        Defendants.

## CERTIFICATE OF SERVICE

I, Marvin W. Masters, counsel for plaintiffs, do hereby certify that true and exact copies

of the foregoing "Motion to Extend Time for Service of Process Upon Defendant Continental

Freight Systems, LLC" were served upon:

    David A. Winters
    1249 W 73rd Street, Unit 1
    Chicago, Illinois  60636

    Lee-Bell Transport, Inc.
    Agent:  Damario W. Bloodson
    1253 W 73rd Street
    Chicago, Illinois  60636

via United States Mail, Certified/Return Receipt Requested, this 29th day of March, 2017.

                                  Marvin W. Masters
                                  West Virginia State Bar No. 2359

F:\1\1392\X.docx

AMENDED SUMMONS
IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

       Plaintiff,

v.                                                    Civil Action No. 16-C-221

DAVID A. WINTERS; LEE-BELL                    Secretary of State
TRANSPORT, INC., an Illinois corporation;     Continental Freight Systems LLC
and CONTINENTAL FREIGHT SYSTEMS,              9219 Indianapolis Boulevard
LLC, an Indiana corporation,                  Unit CN101
                                              Highland, Indiana  46322
       Defendants.

To the above-named Defendant:      **CONTINENTAL FREIGHT SYSTEMS LLC**

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiff's attorney, Marvin W. Masters, whose address is The Masters Law Firm lc, 181 Summers Street, Charleston, West Virginia, 25301, an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, along with "Plaintiff's First Set of Interrogatories to Defendants Lee-Bell Transport, Inc. and Continental Freight Systems LLC" and "Plaintiff's First Set of Requests for Production of Documents to Defendants Lee-Bell Transport, Inc. and Continental Freight Systems LLC." You are required to serve your Answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: ___3/29/17___          Clerk of Court: _____

                         By: _____

304-647-6666                                    02:16:22 p.m.    06-16-2017        2/3

CIVIL *747* PAGE *one*

## IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

        Plaintiff,

v.                                          Civil Action No. 16-C-221
                                            Honorable Robert E. Richardson

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;
and CONTINENTAL FREIGHT SYSTEMS,
LLC, an Indiana corporation,

        Defendants.


### ORDER EXTENDING TIME FOR SERVICE OF PROCESS
### UPON DEFENDANT CONTINENTAL FREIGHT SYSTEMS, LLC

On this day came plaintiff, by counsel, on his motion for an extension of time for service

of process upon defendant Continental Freight Systems, LLC. The Court, finding the same to be

proper and for good cause shown, hereby ORDERS that plaintiff be granted a *90* day extension

of time within which to perfect service upon said defendant.

The Clerk is directed to send copies to all counsel of record.

ENTERED this *3rd* day of *April*, 2017.

                                 Honorable Robert E. Richardson

Prepared by:

Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
Counsel for Plaintiff
(304) 342-3106
F:\1\1392\o001.docx

**FILED**

APR 03 2017

CIRCUIT COURT GREENBRIER COUNTY, WV
LOUVONNE ARBUCKLE, CLERK

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

        Plaintiff,

v.

                                                 Civil Action No. 16-C-221
                                                 Judge Richardson

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;
and CONTINENTAL FREIGHT SYSTEMS,
LLC, an Indiana corporation,

        Defendants.

## Answer and Affirmative Defenses on behalf of Defendants

Defendants, David A. Winters ("Mr. Winters"), Lee-Bell Transport, Inc. ("Lee-Bell Transport") and Continental Freight Systems, LLC ("Continental Freight") (collectively, "Defendants"), by counsel, respectfully respond to Plaintiff's Complaint filed in the above-referenced action as follows:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

### Second Defense

In response to the specific averments and allegations in Plaintiff's Complaint, Defendants state as follows:

1.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and demand strict proof thereof.

2.      Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    Paragraph 3 of Plaintiff's Complaint states legal conclusions to which no responsive pleading is required.

4.    Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.    Paragraph 5 of Plaintiff's Complaint states legal conclusions to which no responsive pleading is required.

6.    Upon information and belief, Defendants admit the allegations stated in paragraph 6 of Plaintiff's Complaint.

7.    Defendants admit only that Mr. Winters was an employee of Lee-Bell Transport. Defendants deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8.    Paragraph 8 of Plaintiff's Complaint states legal conclusions to which no responsive pleading is required. To the extent an answer is deemed necessary, Defendants deny the allegations stated in paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

## Count I - Negligence

9.    In response to paragraph 9 of Plaintiff's Complaint, Defendants restate and reassert their answers to paragraphs 1 through 8 of Plaintiff's Complaint as if such answers were set out herein verbatim.

10.    Defendants admit only that Mr. Winters was an employee of Lee-Bell Transport. Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11.    Upon information and belief, Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

2

12.     Defendants admit only that Mr. Winters was driving a 2006 Volvo tractor-trailer on I-64. Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13.     Defendants deny the allegations stated in paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15.     Defendants deny the allegations stated in paragraph 15(a)-(e) of Plaintiff's Complaint and demand strict proof thereof.

16.     Defendants deny the allegations stated in paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

## Count II – Negligent Entrustment

17.     In response to paragraph 17 of Plaintiff's Complaint, Defendants restate and reassert their answers to paragraphs 1 through 16 of Plaintiff's Complaint as if such answers were set out herein verbatim.

18.     Defendants deny the allegations stated in paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

### Third Defense

In the event the evidence indicates, Plaintiff's alleged damages, if any, were not proximately caused by any act or omission by Defendants, but by the intervening acts or omissions of other persons for whose actions Defendants are not legally responsible.

3

### Forth Defense

In the event the evidence indicates, Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

### Fifth Defense

In the event the evidence indicates, Plaintiff's Complaint is barred, in whole or in part, based on the contributory conduct of Plaintiff to the damages, if any, that he alleged in his Complaint.

### Sixth Defense

Defendants state that they are not liable or responsible for the damages alleged in the Complaint.

### Seventh Defense

In the event the evidence indicates, Defendants raise the affirmative defenses of statute of limitations, assumption of risk, waiver, insufficient process, insufficient service, estoppel and unclean hands.

### Eighth Defense

In the event the evidence indicates, Plaintiff is not entitled to certain damages alleged in his Complaint.

### Ninth Defense

In the event the evidence indicates, Plaintiff's Complaint is barred, in whole or in part, based on Plaintiff's failure to adequately serve Defendants.

### Tenth Defense

Defendants hereby reserve the right to plead or assert defenses listed in Rule 8(c) of the West Virginia Rules of Civil Procedure, or any other matter constituting an avoidance or

affirmative defense, if the same be warranted as a result of the discovery in this case or the evidence deduced at trial.

Defendants respectfully requests that this Honorable Court issue an Order denying the relief requested by Plaintiff, dismissing Plaintiff's Complaint with prejudice, awarding Defendants their costs and expenses, including reasonable attorneys' fees in connection with this action, and any other further relief that this Court deems appropriate.

**DEFENDANTS DEMAND A JURY ON ALL TRIABLE ISSUES.**

DAVID   A.   WINTERS,   LEE-BELL
TRANSPORT, INC. AND CONTINENTAL
FREIGHT SYSTEMS, INC.,
By Counsel,

Stuart A. McMillan (WVSB # 6352)
Patrick C. Timony (WVSB # 11717)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100
(304) 347-1756 – facsimile

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

        Plaintiff,

v.

                                                              Civil Action No. 16-C-221
                                                             Judge Richardson

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;
and CONTINENTAL FREIGHT SYSTEMS,
LLC, an Indiana corporation,

        Defendants.

## CERTIFICATE OF SERVICE

        The undersigned does hereby certify that I have served a true and accurate copy of the foregoing *Answer and Affirmative Defenses on behalf of Defendants* on the **28th day of April, 2017**, via United States Mail and email to:

        Marvin W. Masters, Esq.
        The Masters Law Firm lc
        181 Summers Street
        Charleston, West Virginia 25301-2177

                                                      Patrick C. Timony (WVSB #11717)

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

DAVID B. LOVE,

        Plaintiff,

v.                                   CIVIL ACTION NO.  16-C-221

DAVID A. WINTERS; LEE-BELL
TRANSPORT, INC., an Illinois corporation;
and CONTINENTAL FREIGHT SYSTEMS,
LLC, an Indiana corporation,

        Defendants.

### CERTIFICATE OF SERVICE

        The undersigned does hereby certify that I have served a true and accurate copy of the foregoing *Defendants Lee-Bell Transport, Inc., and Continental Freight Systems, LLC's Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* on the **9th day of June, 2017,** via United States Mail to:

> Marvin W. Masters, Esq.
> Clayton G. Anderson, Esq.
> The Masters Law Firm lc
> 181 Summers Street
> Fayetteville, West Virginia 25301-2177
> *Counsel for Plaintiff*

 

                                        Patrick C. Timony (WVSB #11717)

25

8915183.3